OPINION
{¶ 1} Defendant-appellant Daniel C. Slone appeals his conviction in the Delaware County Court of Common Pleas on one count of theft, in violation of R.C. 2913.02(A)(1). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} At the time relevant to this appeal, Appellant was employed as a cashier at the Meijer store in Westerville, Ohio. Appellant's responsibilities included picking up "cash drops" from cash registers. Appellant, along with a witness, would open the cash drawer of the register, remove all cash monies above a certain amount, count the monies removed and place them in an envelope. The envelope would then be marked with identifying information, such as the register number, date, time, amount, etc. Appellant would then place the envelope onto a clipboard with other drop envelopes for pickup, complete a drop information sheet and initial the sheet.
 {¶ 3} On the date of the incident pertinent to this appeal, Appellant removed the cash from one of the registers, placed it into an envelope, filled out the envelope, and placed the envelope into the cargo pocket of his pants. Surveillance video obtained from the store recorded Appellant placing the envelope into his pant pocket.
 {¶ 4} Appellant was charged with theft, in violation of R.C.2913.02(A)(1). The matter proceeded to jury trial, and the jury found Appellant guilty as charged. The trial court sentenced Appellant to three years of community control.
 {¶ 5} Appellant now appeals, assigning as error:
 {¶ 6} "I. THE CONVICTION ON THE THEFT CHARGE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 3 
 {¶ 7} Appellant argues his conviction for theft was against the manifest weight of the evidence. Specifically, Appellant argues the State did not prove he took the monies without his employer's consent.
 {¶ 8} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. "The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, 678 N.E.2d 541, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 9} Appellant was convicted of one count of theft, in violation of R.C. Section 2913.02. The statute reads:
 {¶ 10} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 11} "(1) Without the consent of the owner or person authorized to give consent;
 {¶ 12} "(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent; *Page 4 
 {¶ 13} "(3) By deception;
 {¶ 14} "(4) By threat;
 {¶ 15} "(5) By intimidation.
 {¶ 16} "(B)(1) Whoever violates this section is guilty of theft."
 {¶ 17} In State v. Isom (June 5, 1997), Cuyahoga App. No. 70784, the Eighth District Court of Appeals addressed the issue presented on appeal, finding:
 {¶ 18} "The thrust of appellant's argument is that she did not violate this provision as she had the consent of the property owner to obtain or exert control over the property. Appellant relies on State v.Burrows (1992), 80 Ohio App.3d 404, in which this court held a bookkeeper did not violate this same statutory provision because the defendant was authorized by the owner of the property to obtain or exert control over the cash transactions. The employer, a management company for several apartment complexes, used an elaborate system to collect rental payments which ultimately left the bookkeeper responsible for the payments received. The chain of custody for the relevant cash transactions ended with the bookkeeper. Therefore, it was held the defendant could not have violated R.C. 2913.02(A)(1) because she obtained or exerted control over the property with her employer's consent. The defendant was indicted incorrectly.
 {¶ 19} "However, in Burrows, the defendant had more authority over the stolen property than in the instant case. An employee who simply collects money for an employer and immediately places it in a cash register as belonging to the employer has never been granted permission to actually possess or exert control over the money. Appellant's task was limited to collecting money from the store's patrons, placing it in *Page 5 
the cash register or drop box and then counting the money at the end of her shift. Therefore, the state did present sufficient evidence to support appellant's conviction under R.C. 2913.02(A)(1)."
 {¶ 20} Similarly, in the case sub judice, Appellant's permission to possess or control the cash register monies was limited to counting the same, placing the monies into an envelope and then placing the envelope into a drop box. Appellant's placing the money in his pocket clearly went beyond the scope of his employer's consent as well as constituting deception.
 {¶ 21} Accordingly, we do not find Appellant's conviction for theft was against the manifest weight of the evidence, and his conviction in the Delaware County Court of Common Pleas is affirmed.
 Hoffman, P.J., Farmer, J., and Edwards, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1